[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10227
Non-Argument Calender

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 27, 2011
JOHN LEY
CLERK

D. C. Docket No. 8:10-cv-00995-JSM-TGW

HELEN SWINDELL,

Plaintiff- Appellant,

versus

ACCREDITED HOME LENDERS, INC.,
Successor by merger Aames Funding Corporation
doing business as Aames Home loan,
STATE OF FLORIDA,
acting through the Circuit Court of the Thirteenth
Judicial Circuit in and for Hillsborough County, Florida,
BEN-EZRA & KATZ, P.A.,

Defendants- Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 27, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Helen Swindell appeals the district court's grant of a motion to dismiss her Amended Complaint filed by the State of Florida and Ben-Ezra & Katz, P.A. Swindell's Amended Complaint alleged she was indigent and unable to obtain counsel to represent her in a foreclosure action. She claimed the failure to appoint counsel violated her Fifth and Fourteenth Amendment rights of due process and equal protection. The district court dismissed the Amended Complaint with prejudice, stating the Supreme Court made clear that a right to appointed counsel exists only where the litigant may lose his or her physical liberty and no such risk exists in a foreclosure action. *See Lassiter v. Dept. of Soc. Serv. of Durham Cnty, N.C.*, 452 U.S. 18, 25 (1981).

On appeal, Swindell argues her right to counsel and her rights of due process and equal protection were violated when the State of Florida failed to appoint counsel in her foreclosure action.[1] We have reviewed the record and the briefs in this case and find no merit to this argument.[2] The Supreme Court stated an indigent's right to appointed counsel "has been recognized to exist only where

---

[1] Swindell has abandoned any issues on appeal with regard to Accredited Home Lenders, Inc., and Ben-Ezra & Katz, P.A. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding issues not argued on appeal are deemed abandoned).

[2]"We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).

the litigant may lose his physical liberty if he loses the litigation." *Id.* This was a civil foreclosure action and Swindell was not at any risk of losing her physical liberty. The State of Florida did not violate Swindell's constitutional rights when it failed to appoint her counsel in her foreclosure action.

**AFFIRMED.**