ANN CRAWFORD McCLURE, Chief Justice
Gary Smith, pro se , appeals from a judgment awarding possession of the subject property to Appellee, El Paso Veterans Transitional Living Center. We affirm.
FACTUAL SUMMARY
El Paso Veterans Transitional Living Center (VTLC) filed suit in justice court to evict Smith alleging he was unlawfully holding over because he had failed to vacate *362 at the end of his tenancy. The justice court conducted a bench trial and ruled in favor of VTLC. The judgment granted VTLC possession of the premises ordered Smith to vacate the premises no later than May 9, 2017. Smith appealed to the county court at law. The county court at law entered judgment awarding possession of the premises to VTLC and Smith appealed. The appellate record does not include the reporter's record of the trial on the merits in the county court at law.
MOTION FOR CONTINUANCE
In his first issue, Smith argues that the trial court erred by denying his request for a continuance based on the absence of a key witness for the defense. Three days before the scheduled trial date, Smith filed a verified motion for continuance alleging that a key witness, Ruth Marin, was out of state and would not return to El Paso until after the trial. To preserve a complaint on appeal concerning the trial court's denial of a motion for continuance, the record must show that the party presented the motion to the trial court. See TEX.R.APP.P. 33.1(a). A party does not meet this burden by merely filing the motion with the trial court clerk. See In re Blakeney , 254 S.W.3d 659, 662 (Tex.App.-Texarkana 2008, orig. proceeding). Further, the record must show that the trial court denied the motion, or the trial court refused to rule on the motion and the complaining party objected to the refusal to rule. See TEX.R.APP.P. 33.1(a)(2) ; Bryant v. Jeter , 341 S.W.3d 447, 450-51 (Tex.App.-Dallas 2011, no pet.). The record does not show that Smith presented his motion for continuance to the trial court or that the court denied the motion as alleged by Smith. We conclude that Smith failed to preserve this issue for review.
EXCLUSION OF EVIDENCE
In his second issue, Smith contends that the trial court abused its discretion by excluding the testimony of Ruth Marin regarding the terms of a verbal lease agreement and other witnesses who "were also aware of the abuses which occurred" on the premises. Appellant alleges in his brief that he was assaulted by a VTLC employee.
The Rules of Appellate Procedure and the Rules of Evidence require a party to preserve error regarding a complaint that the party did not have an opportunity to present evidence in the trial court. See TEX.R.APP.P. 33.1(a) ; In re Interest of C.C.E. , 530 S.W.3d 314, 322 (Tex.App.-Houston [14th Dist.] 2017, no pet. h.) ; Estate of Veale v. Teledyne Industries, Inc. , 899 S.W.2d 239, 244 (Tex.App.-Houston [14th Dist.] 1995, writ denied) ; O'Shea v. Coronado Transmission Co. , 656 S.W.2d 557, 564 (Tex.App.-Corpus Christi 1983, writ ref'd n.r.e.). The appellate record does not include the reporter's record of the trial and the record does not include an offer of proof. See TEX.R.EVID. 103(a)(2) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and ... (2) if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context."). Consequently, the record does not establish that Smith offered the evidence, the trial court denied Smith the opportunity to present the evidence, or that Smith informed the court of its substance by an offer of proof. Finding that Smith did not preserve the issue for review, we overrule Issue Two.
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
In Issue Three, Smith contends that his attorney provided him with inaccurate, inadequate, and ineffective services. The *363 Sixth Amendment of the United States Constitution guarantees the right of effective assistance of counsel in criminal prosecutions. Strickland v. Washington , 466 U.S. 668, 685-86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; Ex parte Briggs , 187 S.W.3d 458, 469 (Tex. Crim. App. 2005). The doctrine of ineffective assistance of counsel does not apply in civil cases unless there is a constitutional or statutory right to counsel. In the Interest of A.B.B. , 482 S.W.3d 135, 140 (Tex.App.-El Paso 2015, pet. dism'd w.o.j.) ; Culver v. Culver , 360 S.W.3d 526, 535 (Tex.App.-Texarkana 2011, no pet.). A defendant in an eviction case does not have a constitutional or statutory right to counsel. Issue Three is overruled.
CLAIM OF INDIGENCY
Smith has also raised a fourth issue which we have construed as a challenge to the trial court's order finding that Smith can afford to pay costs on appeal. Smith challenged that order by motion as permitted by TEX.R.CIV.P. 145(g). On September 6, 2017, we issued an order finding that the evidence supported the trial court's determination that Smith could afford to pay the costs of appeal. We decline to reconsider our ruling. Issue Four is overruled. Having overruled each issue presented, we affirm the judgment of the trial court.