ANN CRAWFORD McCLURE, Chief Justice *610 Linda Guillermina Pedroza, pro se , appeals from a judgment in favor of Tenet Healthcare, Inc. (Tenet). We affirm.
FACTUAL SUMMARY
Pedroza filed suit in the Justice of the Peace, Precinct Four, of El Paso County, Texas (Justice Court), against Tenet and Trevor Fetter in his capacity as CEO of Tenet Healthcare alleging claims based on the Fair Debt Collection Practices Act. Fetter was never served with citation and he did not file an answer or enter a general appearance. Tenet timely filed its answer. Following a bench trial, the Justice Court entered judgment against Tenet and awarded Pedroza damages in the amount of $1,123.00 plus interest and court costs. The court signed the judgment on September 11, 2015.
On October 2, 2015, Tenet filed notice of appeal and made a cash deposit in lieu of appeal bond on October 2, 2015. The Justice Court forwarded the appeal to the El Paso County Clerk for filing on October 5, 2015. The case was styled Linda Guillermina Pedroza v. Tenet Healthcare Corporation and it was docketed as cause number 2015CCV01210 in the County Court at Law No. 5 (County Court). On June 6, 2016, Tenet filed a motion for no evidence and traditional summary judgment on all of Pedroza's claims. Pedroza filed a response to the summary judgment motion, and she also filed a plea to the jurisdiction asserting that Tenet had not timely perfected its appeal from the Justice Court to the County Court. Finding that Tenet had timely filed its appeal, the County Court denied Pedroza's plea to the jurisdiction, and it granted Tenet's motion for summary judgment. This appeal followed.
DENIAL OF THE PLEA TO THE JURISDICTION
In two related issues, Pedroza challenges the denial of her plea to the jurisdiction. Pedroza argues that the County Court lacked jurisdiction of Tenet's appeal from the Justice Court.
Standard of Review
A plea to the jurisdiction contests a trial court's subject matter jurisdiction. Bland Independent School District v. Blue , 34 S.W.3d 547, 554 (Tex. 2000). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. Mayhew v. Town of Sunnyvale , 964 S.W.2d 922, 928 (Tex. 1998) ; Rowe v. Watkins , 340 S.W.3d 860, 862 (Tex.App.-El Paso 2011, no pet.). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider the relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue. Texas Department of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 227 (Tex. 2004) ; Lopez v. Texas State University , 368 S.W.3d 695, 701 (Tex.App.-Austin 2012, pet. denied). When the jurisdictional facts are disputed, as in this case, the trial court makes the necessary fact findings to resolve the jurisdictional issues. Lopez , 368 S.W.3d at 701. On appeal, these fact findings are subject to a challenge for legal and factual sufficiency. Id.
Tenet Timely Perfected its Appeal
In Issue One, Pedroza asserts that the County Court erred by denying *611 the plea to the jurisdiction because Tenet did not timely file its appeal from the Justice Court. We have construed this argument as challenging the legal sufficiency of the evidence because Pedroza asks in her prayer that we vacate the judgment of the County Court and render judgment in her favor. In evaluating the legal sufficiency of the evidence to support a finding, we must review all of the evidence in the light most favorable to the prevailing party, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. City of Keller v. Wilson , 168 S.W.3d 802, 827 (Tex. 2005).
Rule 506.1 provides that: "A party may appeal a judgment by filing a bond, making a cash deposit , or filing a Statement of Inability to Afford Payment of Court Costs with the justice court within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied." [Emphasis added]. TEX.R.CIV.P. 506.1(a). The Justice Court signed the judgment on September 11, 2015. Thus, Tenet was required to perfect its appeal by filing the appropriate document in the Justice Court no later than October 2, 2015. Tenet deposited cash in the amount of $2,502.00 with the Justice Court on October 2, 2015. The cash deposit in lieu of bond is file-stamped by the Justice Court on October 2, 2015. Further, the Justice Court's register of actions shows that Tenet filed the cash deposit on October 2, 2015.
Pedroza argues that Tenet's cash deposit and notice of appeal were untimely because they were file-stamped by the El Paso County Clerk on October 5, 2015. This argument is misguided because it focuses on the filings made in the El Paso County Clerk's Office when the record of the Justice Court appeal was forwarded to the El Paso County Clerk. See TEX.R.CIV.P. 506.2 ("When an appeal has been perfected from the justice court, the judge must immediately send to the clerk of the county court a certified copy of all docket entries, a certified copy of the bill of costs, and the original papers in the case."). The record reflects that the El Paso County Clerk filed the original papers in the case on October 5, 2015, but the date on which this occurred does not determine whether Tenet timely perfected its appeal. The proper focus is on what Tenet filed in the Justice Court and when. The evidence conclusively establishes that Tenet timely perfected its appeal by making the cash deposit in the Justice Court on October 2, 2015. See TEX.R.CIV.P. 506.1(a). Issue One is overruled.
The Claims Against Fetter
In Issue Two, Pedroza additionally argues that Trevor Fetter was a party to case in the Justice Court and his failure to appeal the Justice Court's judgment operated to deprive the County Court of jurisdiction. The County Court expressly found that Fetter was not sued in his individual capacity but rather in his capacity as the CEO of Tenet. Pedroza has not expressly challenged the legal and factual sufficiency of this finding. She instead argues that she sued Fetter in his personal capacity and she requests that we vacate the judgment of the County Court and render judgment in her favor. Under these circumstances, we have construed this argument as challenging the legal sufficiency of the evidence.
When the evidence is viewed in the light most favorable to the finding, it shows that Pedroza sued Fetter solely in his representative capacity as the CEO of Tenet Healthcare and citation was issued to him in that capacity. Fetter was not personally served with citation, and he did not file an answer or make a general appearance in *612 the Justice Court case. Pedroza's pleadings filed in the Justice Court and County Court identify Tenet as the defendant, and she directed all of her discovery to Tenet. We conclude that the evidence is legally sufficient to support the County Court's finding that Pedroza did not sue Fetter in his individual capacity. Because Fetter was not a party to the case in his individual capacity, he was not obligated to file an appeal bond or join in the appeal. The County Court correctly denied the plea to the jurisdiction. Issue Two is overruled.
CONSENT ORDER
In her third issue, Pedroza contends that the County Court failed to consider or act on her motion for a restraining order against Tenet based on Tenet's alleged violation of a consent order issued by the Consumer Financial Protection Bureau. In order to preserve a complaint for appellate review, the record must show that the party brought the complaint to the attention of the trial court by making a timely request, objection, or motion, and the trial court ruled on the request, objection, or motion. See TEX.R.APP.P. 33.1(a). Merely filing a motion with the trial court clerk is insufficient to show that the party brought the motion to the trial court's attention or requested a ruling. In re Davidson , 153 S.W.3d 490, 491 (Tex.App.-Amarillo 2004, orig. proceeding). There is nothing in the record to show that Pedroza ever presented this motion to the County Court or requested a ruling. Consequently, she has failed to preserve error. Issue Three is overruled.
CUMULATIVE ERROR
In the final issue, Pedroza maintains that the County Court committed reversible error as shown by "motions, evidence, records, and filings." In support of this argument, she directs our attention to her designation of the items to be included in the clerk's record. Pedroza has not presented any arguments or authorities in support of this issue. She instead invites the Court to review the record to determine whether there is any error.
The burden is on the appellant to file a brief identifying the issues and presenting argument and authorities in support of the appellant's contentions. See TEX.R.APP.P. 38.1. We are mindful that an appellate court is required to construe the briefing rules liberally. TEX.R.APP.P. 38.9. To this end, we routinely give pro se litigants considerable leeway when determining whether a brief complies with Rule 38.1. At the same time, an appellate court is not obligated to make the appellant's arguments for her. See Castro v. Ayala , 511 S.W.3d 42, 48 (Tex.App.-El Paso 2014, no pet.). When an issue is inadequately briefed, and lacks a substantive analysis and citation to legal authority, it presents nothing for our review. See ERI Consulting Engineers, Inc. v. Swinnea , 318 S.W.3d 867, 880 (Tex. 2010) ; Castro , 511 S.W.3d at 48. Issue Four is overruled. Having overruled each issue presented, we affirm the judgment of the County Court. All pending motions are denied.