**Opinion issued March 18, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00038-CV

_____

### MIDHAT BILAL HARRIS, Appellant

### V.

### NATIONSTAR MORTGAGE, Appellee

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCV-248447**

---

## MEMORANDUM OPINION

Midhat Bilal Harris appeals a summary judgment against her in favor of Nationstar Mortgage. In her sole issue, Harris challenges the summary judgment on the basis that she received ineffective assistance of counsel during the summary-

judgment proceedings. Because the doctrine of ineffective assistance of counsel does not extend to most civil cases, and does not apply here, we affirm.

## Background

Nationstar Mortgage initiated a non-judicial foreclosure against Harris's home, claiming that Harris had failed to make her mortgage payments. In response, Harris filed suit against Nationstar for unreasonable debt collection, violation of the Texas Debt Collection Act, quiet title, negligent misrepresentation, fraud, and intentional infliction of emotional distress. She sought a declaratory judgment and injunctive relief. Although she is pro se on appeal, Harris was represented by counsel in the trial court.

Nationstar answered, generally denying Harris's claims and asserting numerous affirmative defenses. Nationstar then filed a combined no-evidence and traditional motion for summary judgment. A hearing on the motion was set for April 29, 2019. Harris's attorney did not file Harris's response to the motion until June 4, 2019. At that time, no order on the motion had been signed.

In her response, Harris asserted that she had received mortgage statements from Nationstar containing an incorrect payment amount, which caused her to default on her payments. No evidence was offered to support Harris's response.

Although the record contains no order denying the motion, the parties each state in their appellate briefs that the trial court sent an email to the parties on August

8, 2019, informing them that the motion for summary judgment had been denied. On August 15, 2019, Harris filed what appears to be the same response as the one she filed on June 4, but the August 15 response included two exhibits: a mortgage statement and a mortgage assistance application.

On October 1, 2019, Nationstar filed a motion requesting the trial court to reconsider its motion for summary judgment. A hearing was conducted on the motion for reconsideration, and the trial court granted the motion for reconsideration. Although not otherwise reflected in the record, Nationstar stated, in a motion requesting the motion for summary judgment be set for hearing, that Harris's counsel did not appear at the hearing on the motion to grant reconsideration.

The trial court reconsidered the motion for summary judgment, granting it in Nationstar's favor on all Harris's claims. Harris now appeals the summary judgment.

## Ineffective Assistance of Counsel

In her pro se appellate brief, Harris challenges the summary judgment in one issue by asserting that she received ineffective assistance of counsel during the summary-judgment proceedings. Harris complains that her counsel's representation was not competent because, inter alia, he did not file a timely response to the motion for summary judgment, he did not oppose Nationstar's motion for reconsideration, and he did not keep Harris apprised of the summary-judgment proceedings. She contends that, because the suit related to a mortgage-foreclosure proceeding

3

involving the deprivation of her property, she had a constitutional right to effective assistance of counsel under the federal Due Process Clause and the Texas Due Course of Law Clause. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19.

It is well established that the doctrine of ineffective assistance of counsel does not extend to most civil cases. *Blair v. McClinton*, No. 01-11-00701-CV, 2013 WL 3354649, at *3 (Tex. App.—Houston [1st Dist.] July 2, 2013, pet. denied) (mem. op.); *see Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The right has been extended to certain civil proceedings, such as termination-of-parental-rights cases, *see In re M.S.*, 115 S.W.3d 534, 544–45 (Tex. 2003), and involuntary-civil commitment proceedings, *see In re Protection of H.W.*, 85 S.W.3d 348, 355–56 (Tex. App.—Tyler 2002, no pet.).

Harris recognizes that the application of the doctrine of ineffective assistance of counsel has limited application in the civil context. And she recognizes its application to termination-of-parental-rights cases and involuntary-civil commitment proceedings. But she contends that, "[u]nder the United States Constitution and the Texas State Constitution the deprivation of a person's property rights ***is no less substantial*** than parental termination hearings and involuntary civil commitment proceedings." (emphasis in original). However, in making this claim,

Harris fails to acknowledge the important liberty interests involved in termination-of-parental-rights cases and involuntary-commitment proceedings.

Highlighting the important interests at stake in termination suits, the Supreme Court of Texas has explained that "[t]he private interest affected by a termination case is a parent's fundamental liberty interest in the care, custody, and control of his or her children." *In re B.L.D.*, 113 S.W.3d 340, 352 (Tex. 2003). To help protect this "fundamental liberty interest," the Texas Legislature has enacted legislation providing that, in termination-of-parental-rights suits filed by a government entity, the trial court shall appoint an attorney to represent the interests of a parent under certain circumstances, such as when the parent is indigent. *See* TEX. FAM. CODE § 107.013(a)(1). Similarly, the legislature has mandated the appointment of counsel in involuntary commitment proceedings. *See* TEX. HEALTH & SAFETY CODE § 574.003. We note that, as in a criminal proceeding, a person's physical liberty is at stake in a civil-commitment proceeding. *See Lanett v. State*, 750 S.W.2d 302, 306 (Tex. App.—Dallas 1988, writ denied).

Harris has not cited, nor have we found, any cases indicating that a party has the constitutional right to effective assistance of counsel in litigation involving the deprivation of property or, more specifically, to litigation involving mortgage

5

foreclosures.[1] *Cf. Windell v. Accredited Home Lenders, Inc.*, 442 F. App'x 444, 445 (11th Cir. 2011) (rejecting appellant's claim that her constitutional rights to due process and equal protection were violated when State of Florida failed to appoint her counsel in civil foreclosure action). To the contrary, Texas caselaw indicates that the doctrine of ineffective assistance of counsel does not apply to civil litigation involving only a possible deprivation of property.

For instance, in *Wilhoite v. Frank*, the court declined to extend the doctrine of ineffective assistance of counsel to a breach-of-contract case involving a dispute regarding whether the defendant was required to pay the plaintiff for a home the plaintiff had purchased for the defendant. *See* No. 02–10–00134–CV, 2011 WL

---

[1] In support of her contention that she was entitled to effective assistance of counsel based on her right to due process, Harris cites a journal article, which discusses the difficulty in asserting a due-process claim in actions related to non-judicial foreclosure proceedings. *See* John Pollock, *Going Public: The State-Action Requirement of Due Process in Foreclosure Litigation*, 43 CLEARINGHOUSE REV. J. OF POVERTY L. & POL'Y 458, 459 (Jan.-Feb. 2010). The article explains that the difficulty arises, in part, because a due-process claim requires the complained-of action to be "state action," not the action of a private party. *Id.* Here, Harris makes no mention of what specific state action she complains of in this case, entitling her to effective assistance of counsel based on her right to due process. *See U.S. v. Morrison*, 529 U.S. 598, 621 (2000) (stating that Fourteenth Amendment, by its terms, applies only to state action); *Yazdchi v. Tradestar Invs., Inc.*, 217 S.W.3d 517, 520 n.9 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (rejecting due process argument when plaintiff failed to show how defendant's conduct constituted state action as required "under either the due process clause of the Fourteenth Amendment or the due course of law guarantees of the Texas Bill of Rights"); *see also* TEX. R. APP. P. 38.1(i) (providing that appellate briefs "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

754384, at *4 (Tex. App.—Fort Worth Mar. 3, 2011, no pet.) (mem. op.). Texas courts have also determined that neither a defendant in an eviction proceeding nor a defendant in a property-forfeiture action may obtain reversal of a judgment based on ineffective assistance of counsel. *See Smith v. El Paso Veterans Transitional Living Ctr.*, 556 S.W.3d 361, 363 (Tex. App.—El Paso 2018, no pet.) ("A defendant in an eviction case does not have a constitutional or statutory right to counsel."); *Approximately $42,850.00 v. State*, 44 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("[C]omplaints regarding the ineffectiveness of counsel clearly have no relevance or application to this civil forfeiture proceeding."). Because the right to effective assistance of counsel has not been extended to civil litigation between private parties relating to a dispute involving property, we decline to extend it. We hold that Harris has not shown that she is entitled to reversal of the summary judgment against her.

We overrule Harris's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists of Justices Kelly, Landau, and Hightower.