

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00290-CV

———————————————

D. ANDREW TAIT, Appellant

V.

PEPSICO INC. D/B/A PEPSI BEVERAGE CO., DR PEPPER SNAPPLE GROUP,
AND JOHN PETER SMITH HOSPITAL, Appellees

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-321204-20

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Pro se Appellant D. Andrew Tait brought negligence claims against Pepsico Inc. d/b/a Pepsi Beverage Co. (Pepsi), Dr Pepper Snapple Group (Dr Pepper), and John Peter Smith Hospital (JPS[1]) after allegedly suffering an injury while drinking a can of soda. The trial court later granted a plea to the jurisdiction filed by JPS, and it granted summary judgment to Pepsi and Dr Pepper. On appeal, Tait brings—as best as we can glean from his brief[2]—the following three issues: (1) that the trial court abused its discretion by failing to appoint him a "Pro-bono attorney"; (2) that the trial court "should have protected his Civil Rights when he was obviously mentally floundering at hearings"; and (3) that the trial court abused its discretion by failing to grant his motion for continuance filed two days before the hearing on Pepsi's and Dr Pepper's respective motions for summary judgment. We will affirm.

### II. BACKGROUND

On October 26, 2020, Tait filed his lawsuit, bringing negligence claims against Pepsi, Dr Pepper, and JPS. Tait alleged that two years earlier, he was drinking a

---

[1]Tarrant County Hospital District d/b/a JPS Health Network appeared in the lawsuit and contended that it had been incorrectly named as "John Peter Smith Hospital." Because the proper name of this entity has no impact on our analysis, we will simply refer to it as "JPS."

[2]Tait's issues are not specifically enumerated in the "Issues Presented" section of his brief.

"Crush Grape Soda" when a sharp foreign object in the can entered his throat and temporarily lodged there. After swallowing the object, Tait purportedly experienced "excruciating pain," and that same day, he went to JPS seeking medical treatment. Tait alleged that ever since that day, he has "suffered from and continues to suffer from sleep deprivation due to ongoing throat pain." Tait further contended that his sleep deprivation has caused him to "develop[] other unsettling ailments."

JPS answered Tait's lawsuit and filed a plea to the jurisdiction based on governmental immunity. The trial court later granted the plea to the jurisdiction, dismissing Tait's claims brought against JPS.[3] Pepsi answered Tait's lawsuit and filed a traditional motion for summary judgment based on the applicable two-year statute of limitations for negligence claims.[4] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Dr Pepper answered Tait's lawsuit and filed a combined traditional

---

[3]It does not appear that Tait is challenging the trial court's grant of JPS's plea to the jurisdiction through this appeal. JPS's counsel made a filing in this appeal indicating that it would not be filing a brief unless we directed it to do so because "[Tait] has not briefed any issue which concerns [JPS]."

[4]In its motion for summary judgment, Pepsi argued that Tait did not exercise due diligence in serving it with process, explaining that although Tait had filed his lawsuit on October 26, 2020—exactly two years after he drank the subject soda—he waited until May 12, 2021, to issue a citation for service of process and until May 27, 2021, to effectuate service. *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (holding that filing a suit within the limitations period does not stop the running of the limitations period "unless the plaintiff exercises due diligence in the issuance and service of citation").

motion for summary judgment based on limitations[5] and a no-evidence motion for summary judgment. Pepsi's and Dr Pepper's respective motions for summary judgment were set for a hearing on June 23, 2022.

Two days before the hearing, Tait filed a motion for continuance, explaining that issues relating to his "mental fog, memory recall[,] and productivity" caused by his sleep deprivation necessitated a continuance of "at least 4 to 6 week[s]." On June 23, 2022—the day of the hearing on the respective motions for summary judgment—Tait filed a "Motion to Stop Summary Judg[]ment(s)," in which he again complained about purported mental problems brought on by his alleged "Severe Sleep Deprivation" and in which he complained that he "should have been assigned a Pro-Bono Attorney from the onset [of his case] due to his mental condition." The day of the hearing, the trial court signed orders granting Pepsi's and Dr Pepper's respective motions for summary judgment, dismissing Tait's claims brought against them.[6] Those summary judgments, together with the order granting JPS's plea to the jurisdiction, became a final judgment, and this appeal followed.

---

[5]In its traditional motion for summary judgment, Dr Pepper also argued that Tait did not exercise due diligence in serving it with process, explaining that Tait did not serve it with process "until at least May 12, 2021," despite filing his lawsuit on October 26, 2020.

[6]No reporter's record was made of that hearing.

## III. DISCUSSION

### A. Tait's First Issue

In what we construe as his first issue, Tait argues that the trial court abused its discretion by failing to appoint him a "Pro-bono attorney." To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A). If a party fails to do this, error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Merely filing a motion is insufficient to show that the party brought it to the trial court's attention or requested a ruling. *JD Shelton Enters. LLC v. AGL Constructors*, No. 05-18-00765-CV, 2019 WL 2498682, at *2 (Tex. App.—Dallas June 17, 2019, no pet.) (mem. op.); *Pedroza v. Tenet Healthcare Corp.*, 555 S.W.3d 608, 612 (Tex. App.—El Paso 2018, no pet.).

Here, the record reflects that Tait filed a "Final Plea by Plaintiff for Pro-Bono Legal Representative/Lawyer Due to Diminished Cognitive Ability of Plaintiff as a Direct Result of Sleep Deprivation" in which he requested that the court appoint him counsel and that he also argued that he "should have been assigned a Pro-Bono Attorney" in his "Motion to Stop Summary Judg[]ment(s)." However, there is nothing in the record to indicate that Tait ever brought these requests to the trial court's attention or requested a ruling on them. *See JD Shelton*, 2019 WL 2498682,

5

at *2; *Pedroza*, 555 S.W.3d at 612. Accordingly, Tait has not preserved this complaint for review. *See* Tex. R. App. P. 33.1(a)(1)(A); *Bushell*, 803 S.W.2d at 712.

Even if Tait had preserved this complaint, we would still overrule it because Tait does not have a right to appointed counsel. The right to counsel in a criminal proceeding has long been recognized as a constitutional right. *See Gideon v. Wainwright*, 372 U.S. 335, 342–45, 83 S. Ct. 792, 795–97 (1963). The right to counsel in a civil proceeding, however, is more limited and only "applicable when a deprivation of liberty is possible." *Hilliard v. Holland*, No. 2-03-287-CV, 2004 WL 2712159, at *2 (Tex. App.—Fort Worth Nov. 24, 2004, no pet.) (mem. op.); *see Erazo v. Sanchez*, 580 S.W.3d 768, 770 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("There is no general right to counsel in Texas in civil cases."); *Serrano v. Pellicano Bus. Park, L.L.C.*, No. 08-16-00327-CV, 2017 WL 6506315, at *1 (Tex. App.—El Paso Dec. 20, 2017, no pet.) (mem. op.) ("The Sixth Amendment's right to counsel does not apply to civil cases."); *In re J.A.G.*, 18 S.W.3d 772, 774 (Tex. App.—San Antonio 2000, no pet.) (holding appellant not entitled to counsel when incarceration was not potential result of proceeding). Here, Tait's lawsuit is a personal injury action in which he seeks money damages; there is nothing in the record to indicate that deprivation of liberty is a possible consequence of Tait's proceeding. Accordingly, Tait is not entitled to court appointed counsel. *See Hilliard*, 2004 WL 2712159, at *2 (holding that because "deprivation of liberty was not a possibility for Hilliard . . . he was not entitled to court appointed counsel").

While there is no general entitlement to counsel in a civil case, under Government Code Section 24.016, a district judge has the discretion to appoint counsel for an indigent party in a civil case if the party "makes an affidavit that he is too poor to employ counsel to attend to the cause." Tex. Gov't Code Ann. § 24.016. A court does not abuse its discretion by refusing to appoint such counsel to an indigent party unless the case is "exceptional" and "the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996); *see Serrano*, 2017 WL 6506315, at *1. As the Texas Supreme Court has explained, circumstances that could be deemed "exceptional" are "by definition rare and unusual," such that they defy identification by a generalized rule. *Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003).

Here, assuming that Tait had submitted the requisite affidavit stating that he is too poor to employ counsel to attend to his case,[7] *see* Tex. Gov't Code Ann. § 24.016, Tait has offered no argument or proof that this case is exceptional; thus, the trial

---

[7]The record reflects that Tait signed, under the penalty of perjury, a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" in which he indicated that he could not afford to pay court costs in this proceeding. Because we will hold that Tait has not established that this proceeding is an "exceptional" proceeding, we need not decide whether Tait's "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" constitutes the requisite affidavit under Section 24.016. *See* Tex. R. App. P. 47.1.

court did not abuse its discretion.[8]  *See Hudson v. Dep't of Crim. Just.-Institutional Div.*, No. 14-98-00793-CV, 2000 WL 1158462, at *2 (Tex. App.—Houston [14th Dist.] Aug. 17, 2000, pet. denied) (op. on reh'g) (holding that trial court did not abuse its discretion by failing to appoint counsel to indigent civil litigant who complained that his medications slowed his mental capabilities where nothing in the record showed that litigant was mentally incompetent or that his medications rendered him mentally incompetent).  We overrule Tait's first issue.

## B.  Tait's Second Issue

In what we construe as his second issue, Tait argues that the trial court "should have protected his Civil Rights when he was obviously mentally floundering at hearings."

---

[8]Although Tait complains generally that his alleged sleep deprivation impacted his ability to present his case, the record contains no evidence in support of that allegation.  While Tait attached to his appellate brief an unauthenticated letter purporting to be from his psychiatrist that explained that Tait had been taking psychotropic medications and suffered from sleep deprivation, we cannot consider this letter because it was not included in the record on appeal.  *See, e.g., Robb v. Horizon Cmtys. Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered."); *Jones v. Warren*, No. 02-12-00154-CV, 2013 WL 4679731, at *2 (Tex. App.—Fort Worth Aug. 29, 2013, no pet.) (mem. op.) (declining to consider documents attached to appellant's notice of appeal and brief that were not part of the record in the trial court); *Reeve v. Citibank (S.D.) N.A.*, No. 2-04-152-CV, 2005 WL 554791, at *2 (Tex. App.—Fort Worth Mar. 10, 2005, no pet.) (per curiam) (mem. op.) ("But the documents attached to appellee's brief are not included in the appellate record; thus, we cannot consider them.").

A pro se litigant is held to the same standards as a licensed attorney and must comply with all applicable rules of procedure, including appellate rules setting forth the requirements for appellate briefs.[9] *Robb*, 417 S.W.3d at 590. Were this not so, pro se litigants would be given an unfair advantage over parties represented by counsel. *Id.* Of relevance to this appeal, an appellant's brief must, among other things, "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Here, Tait's brief does not contain any citations to the record to support his second issue,[10] nor does it contain any argument or citation to authority through which we might review this issue. Accordingly, based on these briefing deficiencies, we hold that Tait has waived his second issue. *See* Tex. R. App. P. 38.1(i); *$60,427.11 U.S. Currency v. State*, No. 02-18-00165-CV, 2019 WL 3024475, at *5 (Tex. App.—Fort Worth July 11, 2019, no pet.) (mem. op.) (overruling one of appellant's issues for inadequate briefing where he did not cite any authority or offer any argument in support of his complaint).

Even if we were to set aside Tait's briefing deficiencies with respect to his second issue, we must still overrule it because Tait has not preserved his complaint

---

[9]In the early stages of Tait's lawsuit, the trial court sent him a letter cautioning that if he wished to proceed pro se, he would "be required to know and comply with the Texas Rules of Civil Procedure and Evidence."

[10]We note that no reporter's record was filed in this appeal; thus, we have nothing to review with respect to Tait's complaint that "he was obviously mentally floundering at hearings."

relating to this issue. As stated above, to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A). If a party fails to do this, error is not preserved. *Bushell*, 803 S.W.2d at 712. Here, there is no indication that Tait ever presented to the trial court a timely request, objection, or motion relating to this complaint, nor is there any indication that the trial court ever ruled on this complaint. *See* Tex. R. App. P. 33.1(a)(1)(A), (a)(2)(A); *Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex. 2002) (requiring a party to secure a ruling on a motion to preserve error). Thus, Tait has not preserved his complaint relating to his second issue for review. *See* Tex. R. App. P. 33.1(a)(1)(A); *Bushell*, 803 S.W.2d at 712. We overrule Tait's second issue.

## C. Tait's Third Issue

In what we construe as his third issue, Tait argues that the trial court abused its discretion by failing to grant his motion for continuance filed two days before the hearing on Pepsi's and Dr Pepper's respective motions for summary judgment.

Once again, we turn to preservation. To preserve a complaint on appeal concerning a trial court's denial of a motion for continuance, the record must demonstrate that the party presented the motion to the trial court. *Smith v. El Paso Veterans Transitional Living Ctr.*, 556 S.W.3d 361, 362 (Tex. App.—El Paso 2018, no pet.) (citing Tex. R. App. P. 33.1(a)). A party does not meet this burden by merely

10

filing a motion for continuance with the trial court clerk. *Id.* Further, the record must demonstrate that the trial court denied the motion or that it refused to rule on the motion and the complaining party objected to the refusal to rule. *Id.* Here, the record does not demonstrate that Tait presented his motion for continuance to the trial court, nor does it show that the trial court denied the motion or refused to rule on the motion and that Tait objected to such a refusal to rule.[11] We thus conclude that Tait has failed to preserve this issue for review. *See id.* (holding that appellant failed to preserve complaint regarding motion for continuance where the record contained no indication he had presented the motion to the trial court or that the trial court had denied the motion as alleged).

Even if Tait had preserved his motion for continuance, the trial court did not abuse its discretion by denying it. Texas Rule of Civil Procedure 251 provides that no continuance shall "be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. A trial court therefore generally does not abuse its discretion by denying a motion for continuance that is unsupported by an affidavit. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 226 (Tex. App.—Fort Worth 2009, pet. denied). Here, Tait's motion for continuance was not supported by an affidavit, and there is nothing in the record indicating that Pepsi or Dr Pepper

---

[11]In his brief—without citing to anything in the record—Tait simply states that his motion for continuance "was denied or ignored."

11

consented to the continuance. Thus, because Tait did not comply with Rule 251, even if he had preserved his complaint, he has not demonstrated that the trial court abused its discretion. *See* Tex. R. Civ. P. 251; *Villegas*, 711 S.W.2d at 626; *Frequent Flyer Depot*, 281 S.W.3d at 226. We overrule Tait's third issue.

## IV. CONCLUSION

Having overruled Tait's three issues, we affirm the trial court's judgment.[12]

/s/ Dana Womack

Dana Womack
Justice

Delivered: March 2, 2023

---

[12]During this appeal, Dr Pepper filed a motion to dismiss Tait's appeal and strike Tait's amended brief due to the untimeliness of the brief and because of certain pleading deficiencies contained in the brief. In light of our opinion and judgment reached today, we need not rule on Dr Pepper's motion.