

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00116-CV

---

### In the Interest of I.J.W. and M.R.W., Children

---

On Appeal from the 150th Judicial District Court
Bexar County, Texas
Trial Court No. 2018CI17825

---

## MEMORANDUM OPINION[1]

Appellant and Appellee are the parents of the two minor children at the center of the underlying suit affecting the parent-child relationship.[2] Following a hearing on Mother's petition to modify the parent-child relationship, at which Father did not appear, the associate judge signed a default final order on September 10, 2024. On March 10, 2025, Father filed a restricted appeal. On appeal, Father asserts (1) the record does not demonstrate proper substituted service, (2) the

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

[2] To protect the identity of the children, the opinion will refer to Appellant as "Father," Appellee as "Mother," and the children simply as "the children." *See* Tex. R. App. P. 9.10.

return of service was defective, (3) the premature filing of the Certificate of Last Known Address and Declaration of Military Status invalidated the judgment, and (4) the clerk failed to issue notice of the judgment. Mother asserts Father is not entitled to a restricted appeal because he did not satisfy all the requirements for such an appeal. We affirm.

## I. PROCEDURAL BACKGROUND[3]

On July 26, 2024, Mother filed a petition to modify the parent-child relationship in which she requested service of citation on Father "at N7387 Miners Castle Road, Munising, [Michigan] 49855, or wherever he may be found." A few weeks later, Mother filed a motion for substituted service pursuant to Texas Rule of Civil Procedure 106 in which she contended service had been attempted on Father by delivering to him, in person, a true copy of the citation and the petition at his "usual place of abode, all to no avail." She stated that, because "several attempts at personal service" upon Father had not been successful, Father "may be given reasonably effective notice of this suit by posting a true copy of the citation, with a copy of the petition attached to the door at N7387 Miners Castle Road, Munising, MI 49862."

In support of her request for substituted service, Mother filed a declaration signed by Stacy Maki who resides in Michigan. Maki stated she attempted to serve Father on August 13, 2024, at 1:04 p.m., 1:10 p.m., and 3:06 p.m. all with "no answer at the address."[4] Maki stated she "made sufficient investigation of the premises to believe that the failure to personally serve [the citation and pleadings was because Father] was unavailable or is evading service." Maki opined it was "impracticable to continue endeavoring to serve process on [Father] in person and that additional

---

[3] The factual background of the suit to modify the parent-child relationship is not relevant to this appeal. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[4] In addition to the citation, Maki attempted to serve the following pleadings: the petition to modify and a motion for enforcement of order in suit affecting the parent-child relationship and enforcement of order for attorney's fees.

2

attempts would be unsuccessful." She concluded her declaration by stating she believed the most effective way to give Father actual proper notice of the lawsuit was to serve the citation and pleadings (1) to anyone over sixteen years of age at Father's address, and then by mailing a copy via first class mail or, (2) by affixing the citation and pleadings to the front door at Father's address, and then by mailing a copy via first class mail. On August 13, 2024, the trial court signed an order granting Mother's motion for substituted service and ordering that Father be given notice of the suit by posting a true copy of the citation, with a copy of the petition attached to the door at N7387 Miners Castle Road, Munising, Michigan, 49862. The court also ordered that proof of service upon Father be made pursuant to Texas Rule of Civil Procedure 107.

On September 10, 2024, a hearing on Mother's petition to modify was held before an associate judge. At the hearing, Mother's counsel informed the court that Father had been served but did not answer. The court took judicial notice of the Certificate of Last Known Address, the Declaration of Military Status, and that Father had been served on August 13, 2024, at 6:19 p.m. at N7387 Miners Castle Road.[5] Following the hearing, the associate judge signed the default final order on September 10, 2024. Father filed his notice of restricted appeal on March 10, 2025.

## II. RESTRICTED APPEAL

"A restricted appeal permits a direct attack on a default judgment when the deadline for filing an ordinary appeal has passed." *Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 696 (Tex. 2026). To prevail in a restricted appeal, an appellant must prove that: (1) he filed a notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate at the hearing that resulted in the

---

[5] The Return of Service is not contained in the appellate record but is, instead, contained in the appendix to both Father's and Mother's appellate briefs. The Certificate of Last Known Address and the Declaration of Military Status are not contained in the appellate record but are, instead, contained in the appendix to Father's appellate brief.

complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *see also* Tex. R. App. P. 26.1(c), 30. "[T]he first three requirements for a restricted appeal are jurisdictional, the fourth is not." *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020) ("An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal."); *Int. of S.D.H.*, No. 04-24-00477-CV, 2024 WL 4610814, at *1 (Tex. App.—San Antonio Oct. 30, 2024, no pet.) (mem. op.) (per curiam) (dismissing appeal for lack of jurisdiction because appellant did not timely file restricted appeal and filed request for findings of fact and conclusions of law and motion for new trial). In a restricted appeal, the appellant has the burden of proof. *Price v. MG Bldg. Materials, Ltd.*, No. 04-18-00760-CV, 2019 WL 3208827, at *1 (Tex. App.—San Antonio July 17, 2019, no pet.) (mem. op.).

Here, there is no dispute that Father filed a notice of restricted appeal within six months after the default final order was signed; he was a party to the underlying lawsuit; and he did not participate at the hearing that resulted in the complained-of judgment. Therefore, we first consider Mother's contention that Father is not entitled to a restricted appeal because he filed a post-judgment motion and, if entitled, whether error is apparent on the face of the record.

### III. FILING OF POST-JUDGMENT MOTION AND THIS COURT'S JURISDICTION

Mother asserts Father does not qualify for a restricted appeal because he filed a timely post-judgment motion—an amended bill of review. The amended bill of review is not part of the record on appeal, but is, instead, included in the appendix to Mother's appellate brief. "It is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court." *Robb v. Horizon Comtys. Improv. Ass'n*, 417

S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.). Nevertheless, assuming Father timely filed a bill of review, we disagree with Mother's characterization of the bill of review as a post-judgment motion.

A post-judgment motion extends the trial court's plenary power to change its final judgment. *See* Tex. R. Civ. P. 329b(g) (stating that motions to modify, correct, or reform a judgment extend trial court's plenary power and time to perfect appeal); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310, 314 (Tex. 2000) (any post-judgment motion, no matter what it is called, will extend plenary power if it seeks a substantive change in the judgment and is filed within the time limits for a motion for new trial); *Stevens v. Smith*, No. 04-21-00105-CV, 2021 WL 4296038, at *2 n.1 (Tex. App.—San Antonio Sept. 22, 2021, no pet.) (mem. op.) (per curiam) ("Courts treat an appropriate post-judgment motion as a motion to extend post-judgment deadlines.").

A petition for bill of review is a new lawsuit filed under a different cause number than the case whose judgment the bill of review complainant is attacking.[6] *Retzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 679 (Tex. App.—El Paso 2011, no pet.). Unlike a restricted appeal, which is limited to the trial court record existing at the time of judgment, the record in a bill of review proceeding is not limited to the prior proceedings and the parties may present evidence to develop the record and support their positions. *See Joseph v. Jack*, 624 S.W.3d 1, 7 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *In re M.C.B.*, 400 S.W.3d 630, 633 (Tex. App.—Dallas 2013, no pet.) ("In contrast [to a restricted appeal], when a default judgment is attacked by motion for new trial or bill of review in the trial court, the record is not so limited."). "Prima facie proof may be documentary evidence, discovery answers, and affidavits on file, 'along with such other evidence

---

[6] A restricted appeal is filed directly in an appellate court. *M.C.B.*, 400 S.W.3d at 633; Tex. R. App. P. 30.

that the trial court may receive in its discretion.'" *Joseph*, 624 S.W.3d at 7 (quoting *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979)).

The key distinction between these pleadings is that post-judgment motions must be filed within 30 days after judgment is signed and operate to extend the trial court's plenary power. *See* Tex. R. Civ. P. 329b ("Time for Filing Motions"). By contrast, a bill of review is an independent action to set aside a judgment (in this case, the final default order) that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Based on these distinctions, we conclude Father's filing of a bill of review does not preclude him from filing a restricted appeal.

## IV. ERROR ON THE FACE OF THE RECORD

Assuming the jurisdictional requirements have been satisfied, "a restricted appeal may be sustained on the merits only if error is apparent on the face of the record." *Shamrock Enters.*, 728 S.W.3d at 698. "The face of the record, for purposes of writ of error review, consists of all papers on file in the appeal, including the statement of facts." *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *see Stankiewicz v. Oca*, 991 S.W.2d 308, 312 (Tex. App.—Fort Worth 1999, no pet.) (restricted appeal refusing to consider post-judgment proof that service address was incorrect). As such, a review of a restricted appeal necessarily includes review of the legal and factual sufficiency of the evidence. *Norman Commc'ns*, 955 S.W.2d at 270.

### A. Substituted service under Texas Rule of Civil Procedure 106(b)

Rule 106 provides, in part, as follows:

> (b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has

been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

    (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

    (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b).

Maki's declaration stated she attempted to serve Father on August 13, 2024 at 1:04 p.m., 1:10 p.m., and 3:06 p.m. all with "no answer at the address." On appeal, Father contends he "was not personally served"; however, he acknowledges "the process server executed service by posting at [his] residence."[7] In his first issue, Father asserts the return of service was defective because it was not supported by an affidavit demonstrating reasonable efforts to serve him at his usual place of abode. He contends "[m]ultiple attempts made on the same day, within hours of each other, are legally insufficient to meet this standard."

The entirety of Father's first issue consists of two sentences and a citation to *State Farm Fire & Casualty Co. v. Costley*, 868 S.W.2d 298 (Tex. 1993) (per curiam). Father's reliance on *State Farm* is misplaced because the frequency or timing of the attempted service was not an issue in the appeal. In that case, State Farm made multiple attempts to personally serve Costley before requesting substituted service under Rule 106(b). *Id.* at 298. The issue in *State Farm* was whether the default judgment against Costley should be reversed because service by U.S. mail did not show when Costley actually received notice. *Id.* The Court noted that Rule 106(b) "contemplates other procedures which will not necessarily furnish evidence of actual notice." *Id.* at 299. The Court

---

[7] We again note that the record on appeal does not contain a copy of the return of service. It was Father's burden, as the party filing a restricted appeal, to ensure a sufficient record is presented to show error on the face of the record. *See Price*, 2019 WL 3208827, at *1.

held that service by mail achieves the purpose of Rule 106(b) which is "to allow plaintiffs to effect service where proof of actual notice under Rule 106(a) is impractical." *Id.* at 298–99.

"The Texas Rules of Appellate Procedure provide specific requirements for appellate briefs, and appellants bear the burden to present their arguments in compliance with these rules." *The Texas Brandon Corp., Inc. v. EOG Res., Inc.*, No. 04-19-00403-CV, 2020 WL 7232135, at *1 (Tex. App.—San Antonio Dec. 9, 2020, pet. denied) (mem. op.); Tex. R. App. P. 38.1. Appellants must provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law; and to cite to and apply the law that is applicable to their complaint along with record references that are appropriate. *Texas Brandon Corp.*, 2020 WL 7232135, at *1; Tex. R. App. P. 38.1(f), (h), (i). "Conclusory statements unsupported by legal or record citations do not satisfy this requirement, and failure to provide substantive analysis will result in a waiver of complaints." *Texas Brandon Corp.*, 2020 WL 7232135, at *1. Because this issue is inadequately briefed, it presents nothing for our review. *Pedroza v. Tenet Healthcare Corp.*, 555 S.W.3d 608, 612 (Tex. App.—El Paso 2018, no pet.) ("When an issue is inadequately briefed, and lacks a substantive analysis and citation to legal authority, it presents nothing for our review."). Even if not waived, we conclude Father's complaint lacks merit.

"Substituted service exists to allow plaintiffs to effect service where proof of actual notice under Rule 106(a) is impractical." *State Farm*, 868 S.W.2d at 298. "Upon receipt of an affidavit satisfying Rule 106(b), the trial court may authorize substituted service which, shown from the affidavit or other evidence, is reasonably calculated to provide notice." *Id.* at 299. Rule 106 allows the court to "authorize service . . . in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).

Here, Maki's declaration stated her attempts to personally serve Father, her belief that further attempts to personally serve him were impractical, and her belief that the most effective way to give him proper notice was to deliver the citation and the pleadings to anyone over sixteen years of age at the above address, and then by mailing a copy via first class mail or by affixing the citation and the pleadings to the front door at his above address, and then by mailing a copy via first class mail. The trial court took judicial notice that Father had been served. We conclude Father has not demonstrated error on the face of the record; we overrule Father's first issue.

### B. Substituted service under Texas Rules of Civil Procedure 103 and 107

In his second issue, Father asserts the return of service was defective because it did not identify Maki's authority under Rule 103 and did not specify the manner of service as required by Rule 107.

Rule 103 provides that "[p]rocess including citation and other notices, writs, orders, and other papers issued by the court may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified by the Judicial Branch Certification Commission." Tex. R. Civ. P. 103. On appeal, Father's only complaint is that Maki is not certified by the Judicial Branch Certification Commission.

The return of service is not part of the record on appeal; however, in her declaration, Maki stated that she is "authorized to serve citations under Texas Rule of Civil Procedure 103." Although Maki does not state the basis of her authorization under Rule 103, nothing in the record controverts her assertion that she was authorized to serve the citation. It was Father's burden to show error on the face of the record, and because he has failed to do so, we overrule his second issue.[8]

---

[8] Father also contends the return of service was defective because it "did not specify the manner of service as required by Rule 107." Father does not elaborate on this conclusory statement or cite to any authoritative support. Because his

## C. Premature filing of Certificate of Last Known Address and Declaration of Military Status

In his third issue, Father contends Mother filed the Certificate of Last Known Address and Declaration of Military Status before service occurred in violation of Texas Rule of Civil Procedure 239a, which invalidated the judgment.

Rule 239a provides, in part, that "[a]t or immediately prior to the time . . . [a] final default judgment is rendered, the party taking the same or his attorney must certify to the clerk in writing the last known email address and mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause." Tex. R. Civ. P. 239a. Father provides no authoritative support for his argument that filing these documents "prematurely" invalidates the judgment. Furthermore, his argument ignores the last sentence of the Rule, which states that "[f]ailure to comply with the provisions of this rule does not affect the finality of the judgment." *Id.* Accordingly, we conclude Father has not shown error on the face of the record; we overrule his third issue.

## D. Clerk's notice of judgment under Texas Rules of Civil Procedure 306a and 21(f)(10)

In his fourth and final issue, Father asserts, in a single sentence, that "[t]he clerk failed to issue notice of judgment, constituting official error [and] [s]uch omission affects the ability of the losing party to move for a new trial and triggers due process concerns."

Rule 306a provides, in part, that "[w]hen the final judgment or other appealable order is signed, the clerk of the court must immediately send the judgment or order to the parties as provided in Rule 21(f)(10)." Tex. R. Civ. P. 306a(3). Rule 21 addresses when "the clerk must send

complaint is inadequately briefed, it presents nothing for our review. *See Pedroza*, 555 S.W.3d at 612; *Browne v. City of San Antonio*, No. 04-11-00219-CV, 2012 WL 11756, at \*5 (Tex. App.—San Antonio Jan. 4, 2012, pet. denied) (mem. op.) ("It is not sufficient for an appellant to merely state the trial court erred and cite authority; rather, an appellant must provide argument consisting of legal analysis of the issue.").

orders, notices, and other documents to the parties electronically through an electronic filing system approved by the Supreme Court[.]" *Id.* at 21(f)(10)(A). A party affected by an appealable order may obtain an extension of the period for filing an appeal if it did not receive notice if "the party adversely affected . . . prove[s] in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Id.* at 306a(5).

The record on appeal does not indicate the date on which Father or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing of the judgment. In his brief, Father contends he "first received actual notice of the judgment on November 6, 2024[,]" although he does not state *how* he received notice. As a general rule, "we do not consider factual assertions that appear solely in briefs and are not supported by the record." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006); *Int. of I.N.A.M.*, No. 08-24-00342-CV, 2026 WL 233853, at *4 (Tex. App.—El Paso Jan. 28, 2026, no pet.) (mem. op.) (same); Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.").

Furthermore, we are limited to the face of the record in this restricted appeal, which does not support Father's contention that the "clerk failed to issue notice of judgment." *Bloom v. Bloom*, 767 S.W.2d 463, 468 (Tex. App.—San Antonio 1989, writ denied) ("Since the judgment on its face in this case is not invalid, and as the papers on file in this case do not show its invalidity, we hold that the failure to comply with the certificate and notice provisions of Rule 239a do not constitute reversible error in this [restricted] appeal[.]"). Because Father has not shown error on the face of the record, we overrule his fourth issue.

11

## V. Conclusion

For the reasons stated above, we affirm the trial court's default final order.

MARIA SALAS MENDOZA, Chief Justice

April 15, 2026

Before Salas Mendoza C.J., Palafox and Soto, JJ.