**In the Matter of the MARRIAGE OF Virginia RAFFAELLI and Stephen Anthony Raffaelli.**

**No. 06–97–00039–CV.**

Court of Appeals of Texas, Texarkana.

Submitted June 2, 1998.

Decided July 3, 1998.

Rehearing Overruled Aug. 18, 1998.

John R. Mercy, Atchley, Russell, Waldrop, Texarkana, for appellant.

Jerry A. Rochelle, Shannon Tuckett, Lavender, Rochelle, Barnett, Texarkana, AR, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

PER CURIAM.

This case concerns the disposition of property and the custody of children on the divorce of Virginia Raffaelli and Stephen Anthony Raffaelli. Mr. and Ms. Raffaelli were married on December 31, 1976. On June 20, 1988, Ms. Raffaelli filed for divorce and subsequently moved to Alabama. On August 28, 1996, the trial court heard the divorce matter and thereafter wrote to counsel outlining the court's determinations regarding the division of property, as well as custody, visitation, and support of the minor children. After receiving the letter, the parties agreed on a settlement of the case. They reduced the agreement to writing and signed it. On January 16, 1997, the trial court signed a judgment that differed from the court's post-trial letter and the parties' settlement agreement. On February 18, 1997, Mr. Raffaelli filed a motion to enforce the settlement as a Rule 11 agreement. TEX.R. CIV. P. 11. The motion had the settlement agreement attached. This was the first time that the agreement was filed with the trial court, although Mr. Raffaelli had, prior to judgment, filed a motion with the court to render judgment in accordance with the agreement. The trial court denied the motion to enforce the settlement agreement. Mr. Raffaelli then filed a separate suit to enforce the agreement under a breach-of-contract theory. He filed this appeal, asking us to enforce the settlement as a Rule 11 agreement or, in the alternative, to abate the appeal pending resolution of the breach-of-contract suit.

 Mr. Raffaelli first complains that the trial court erred in not enforcing the settlement agreement, which he contends constitutes a valid Rule 11 agreement. Rule 11 states:

Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

TEX.R. CIV. P. 11. The purpose of this rule is to avoid misunderstandings and controversies that often flow from verbal agreements. *Padilla v. LaFrance,* 907 S.W.2d 454, 460 (Tex.1995) (quoting *Birdwell v. Cox,* 18 Tex. 535, 537 (1857)); *Kosowska v. Khan,* 929 S.W.2d 505, 507 (Tex.App.—San Antonio 1996, writ denied). To qualify as a Rule 11 agreement, the agreement must be (1) in writing, (2) signed, and (3) filed with the papers as part of the record. TEX.R. CIV. P. 11; *Padilla v. LaFrance,* 907 S.W.2d at 460–61; *Hitzelberger v. Samedan Oil Corp.,* 948 S.W.2d 497, 510 (Tex.App.—Waco 1997, writ denied). The agreement in this case was in writing and was signed, but it was not filed until after the court rendered judgment. The Texas Supreme Court has stated:

Although Rule 11 requires the writing to be filed in the court record, it does not say when it must be filed.... The purpose of the filing requirement ... is to put the agreement before the court so that "the court can judge of [its] import, and proceed to act upon [it] with safety."

*Padilla v. LaFrance,* 907 S.W.2d at 461 (quoting *Birdwell v. Cox,* 18 Tex. at 537). The Supreme Court held that the purpose of Rule 11 "is satisfied so long as the agreement is filed before it is sought to be enforced." *Padilla v. LaFrance,* 907 S.W.2d at 461.

 Although the Rule 11 agreement in this case was not filed until after the court rendered judgment, it was filed while the trial court still had plenary power over its judgment and before the judgment became final. Rule 11 provides that agreements pursuant to that rule may be enforced as to "any suit pending." A suit or action remains pending in the court until all issues have been determined, final judgment has been rendered, and all post-judgment motions have been disposed of. *Thomas v. Oldham,* 895 S.W.2d 352 (Tex.1995); *St. Paul Surplus Lines Ins. Co. v. Dal–Worth Tank Co.,* 917 S.W.2d 29 (Tex.App.—Amarillo 1995, no

writ). Mr. Raffaelli filed a motion for new trial, which had the Rule 11 agreement attached, while the court still had plenary power, and asked the court to enforce the Rule 11 agreement. We conclude that the Rule 11 agreement was valid and binding and should have been enforced.

■ Ms. Raffaelli contends that the agreement fails as a valid Rule 11 agreement because Mr. Raffaelli did not pay the $200,000.00 the agreement provides he will pay "[w]ithin thirty (30) days of the signing." Mr. Raffaelli alleges that he timely tendered the payment. Ms. Raffaelli argues that the tender was ineffectual.

The agreement does not provide that time is of the essence. Moreover, the agreement presupposes that, as a Rule 11 agreement, it will become enforceable only on approval of the court. For these reasons, we conclude that the agreement has not been vitiated by Mr. Raffaelli's failure to pay the money while the validity of the agreement has been in dispute. The judgment enforcing the Rule 11 agreement can enforce the payment.

■ Ms. Raffaelli also contends that the agreement was ineffective because, at the time it was filed and sought to be enforced, she had withdrawn her consent to it. We disagree. The Supreme Court has made it clear that Rule 11 agreements are different from ordinary agreed judgments. In *Padilla v. LaFrance,* the court said:

> Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court … from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement. The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract.

*Padilla v. LaFrance,* 907 S.W.2d at 461. Moreover, there is no evidence in the record that Ms. Raffaelli withdrew her consent to the agreement before it was filed. She did resist the motion to enforce the agreement by a claim that it had expired because Mr. Raffaelli failed to pay the $200,000.00 within thirty days, but we have held that the agree-ment was not vitiated by the lack of timely payment.

We reverse the judgment and remand the cause to the district court to enforce the Rule 11 agreement.