**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00312-CV**
_____

**LAWRENCE BATTON, Appellant**

**V.**

**LINDA BATTON, Appellee**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 19-02-01828-CV**

**MEMORANDUM OPINION**

Pro se Appellant Lawrence Batton ("Lawrence" or "Batton") appeals the trial court's post-divorce enforcement order requiring him to vacate his marital residence and ordering a receiver to sell the residence and split the proceeds according to the trial court's prior orders. Batton complains about the trial court's failure to: (1) consider his motion to enforce and follow the original settlement agreement in the Agreed Final Decree of Divorce; (2) consider the substance of his pro se motions; and (3) consider the cumulative nature of remedies provided by the Texas Family

1

Code and allow his reimbursement claim to reach an equitable resolution. Batton also complains the trial court erred by appointing a receiver, entering an enforcement order that modified, altered, or changed the original settlement agreement incorporated into the Agreed Final Decree of Divorce, and entering an order disposing of real property without a correct street address and complete legal description. For the reasons explained below, we affirm the trial court's order in part and reverse and remand in part.

## BACKGROUND

In 2019, after Appellee Linda Batton ("Linda") filed an Original Petition of Divorce, Linda and Lawrence reached an Agreed Final Decree of Divorce ("the Decree"), which included a mediated settlement agreement that awarded Lawrence the parties' marital residence located at 122 W. Elm Crescent ("the Property"). Under the mediated settlement agreement, the parties agreed the Property would be sold "no earlier than August 1, 2020, for the best agreed price" and they agreed that the "parties [would] split the net proceeds after all expenses and or off-setting values have been deducted." The Decree authorized Lawrence to sell the Property and to recover his fair and reasonable expenses for maintaining the residence until the date the Property was sold or the existing mortgage to the Property was assumed, and made Linda "responsible for one-half of expenses to maintain the marital residence." Under the Decree, each party was entitled to "one-half (50%) of net value after the

2

deduction of all reasonable and or necessary expenses" that Lawrence incurred in maintaining the Property. To the extent there were differences between the terms in the mediated settlement agreement and the Decree, the trial court's Decree provides that "this Final Decree of Divorce shall control in all instances."

The Decree also addressed who was required to pay the mortgage and taxes on the Property in 2017 and 2018, as it required Lawrence to pay those. The terms of the Decree also required Lawrence to pay "all recurring utilities and or expenses associated" with the Property. The Decree imposed a duty on Linda to participate in paying the debt due on the mortgage and the cost and expenses on the Property "from May 1, 2019." An indemnity clause in the Decree required the party that assumed a new debt, obligation, or liability to hold the other party harmless from any damages that might arise from the liability created by the party that created the new obligation or debt. The parties had one minor child that under the Decree they were mutually obligated to support, but the Decree includes a provision that allowed Linda an "adjustments for the sale proceeds of the real property to recover all associated costs or expenses" of supporting their minor child. The Decree allows the court "to make orders necessary to clarify and enforce this decree."

In August 2020, Linda filed a Petition for Enforcement and Relief Under Chapter 9 of the Texas Family Code, alleging Lawrence violated the Decree by failing to pay the Property's mortgage payments and property taxes. Linda sought a

money judgment under section 9.010 of the Texas Family Code due to Lawrence's alleged breach of the Decree, which she claimed diminished her credit score and caused late fees and expenses to be applied to the Property's mortgage balance. In the alternative, Linda asked the trial court to clarify the Decree by specifying the time and place for Lawrence to pay the mortgage payment and taxes and to establish the terms and manner for selling the marital home on a date after August 1, 2020. Linda alleged that Lawrence refused to list the Property for sale or refinance, and due to Wells Fargo Mortgage issuing a Notice of Default, she asked the trial court to appoint a receiver to sell the Property, as required by the Decree and to avoid foreclosure. Linda attached correspondence from Wells Fargo Home Mortgage, including the February 11, 2020, Notice of Default, which required $4,466.90 to be paid by March 19, 2020, and a July 16, 2020, Statement, which noting a total amount due to bring the payment on the mortgage current of $12,253.90.

On October 5, 2020, Lawrence, acting pro se, filed Defendant's Answer, entering a general denial and claiming he paid the principal, interest, and property taxes in full. He claimed the dispute over the escrow was with Wells Fargo and that the process for the sale of the Property was supposed to start in August after their daughter moved out and both parties obtained appraisals. Lawrence filed a Motion for Continuance and Notice of Hearing, asking for time to obtain legal advice and mediate the matter, but the record does not show that he set a hearing for his Motion.

4

On November 9, 2020, Linda filed a Motion for Appointment of Receiver, stating it was necessary to appoint a receiver because the parties could not agree on the terms of sale for the Property, and the Decree did not include a procedure for selling the Property in the event the parties disagreed. The case was set for Pretrial/Docket Call on March 23, 2021, and Lawrence filed a second Motion for Continuance on March 19, 2021, claiming he resolved his issues with Wells Fargo, but the parties could not mediate due to conflicting schedules. Lawerence did not set his Motion for hearing. On March 24, 2021, Lawrence filed a Designation of Attorney in Charge, stating all communication should be sent to his attorney.

On April 1, 2021, the parties reached a Mediated Final Orders Settlement Agreement ("2021 MSA"). The 2021 MSA specifically provided: (1) Lawrence shall immediately refinance the house "as is[;]" (2) Linda's portion of the refinanced value shall be $126,500; (3) Lawrence shall pay Linda $35,000 as a portion of her $126,500 payment on or before April 8, 2021; (4) Lawrence shall close on the refinance by July 1, 2021, or the house shall be listed for sale no later than 5:00 p.m. July 2, 2021; (5) Larry Rice shall be appointed to manage the sale of the property; and (6) Linda shall receive $91,500 at closing. Linda filed a Motion to Sign and Enter Agreed Order on Enforcement and Relief Under Chapter 9 of the Texas Family Code Based on Mediated Settlement Agreement "so that the terms of the order can be enforced." Lawrence did not sign the Agreed Order and complained it did not

5

reflect the 2021 MSA, and the trial court agreed, finding there were ambiguities in the proposed Agreed Order.

On May 7, 2021, the trial court granted Lawrence's Motion for Withdrawal of Counsel, in which he stated he wanted to represent himself. On May 19, 2021, Lawrence filed a third Motion for Continuance, stating he needed to hire a lawyer to address the trial court's recommendations and concerns over issues raised by the 2021 MSA, and the Motion was set for a hearing. On June 3, 2021, the trial court signed an Order Referring Parties to Return to Mediation to resolve drafting disputes between the Proposed Order on Enforcement and Relief Under Chapter 9 of the Texas Family Code Based on Mediated Settlement Agreement and the signed 2021 MSA. Lawrence filed a Motion of Opposition to the Order Referring Parties to Return to Mediation, complaining Linda failed to follow the protocols for resolving disputes with the mediator who facilitated the settlement. Lawrence also filed a Motion for Reconsideration, but neither Motion was set for a hearing.

On June 10, 2021, the parties returned to mediation, and the mediator drafted an Arbitration Decision and Award addressing the issue of the amount of net proceeds each party should receive from the sale of the marital residence if the net proceeds exceed or are less than $91,500. After considering the parties' testimony, the mediator determined that if the net proceeds from the sale exceeded $91,500, Lawrence would be awarded the funds exceeding $91,500. In the event the net

proceeds from the sale were less than $91,500, the mediator awarded Linda 100% of the net proceeds from the sale.

Linda filed a Motion to Sign and Enter Order on Enforcement and Relief Under Chapter 9 of the Texas Family Code Based on Mediated Settlement Agreement and Arbitrator's Award. Lawrence filed a Motion to Vacate the Arbitrator's Award, explaining that disputes arose over financial expenses that the Decree obligated Linda to pay, but Linda's attempt to avoid her financial obligations during mediation resulted in an impasse. Lawrence complained the mediator started a mediation but attempted to conclude it as an arbitration hearing and presented a non-binding Arbitration and Decision Award, which was rejected as outside the mediator's scope. Lawrence explained he wanted an equitable resolution that met the contracted issues and divisions in the Decree and welcomed the trial court's intervention to resolve the remaining issues on the agreed expenses addressed in the Decree.

On June 22, 2021, the trial court signed an Order on Enforcement and Relief Under Chapter 9 of the Texas Family Code ("2021 Enforcement Order"). In the June 2021 Order, the trial court found: (1) the parties entered into a Mediated Settlement Agreement on April 1, 2021; (2) the terms of the Order on Enforcement and Relief Under Chapter 9 of the Texas Family Code were reached in mediation and were merged into the Mediated Settlement Agreement; and (3) the Order of Enforcement

7

controlled to the extent there were any differences in the documents. Based on those findings, the trial court: (1) ordered Lawrence to refinance the residence "as is" no later than July 1, 2021; (2) awarded Linda $126,500 as her "portion of the refinanced value" of the Property, and required Lawrence to pay her $35,0000 of that amount by April 8, 2021, and the rest, $91,500, at closing; (3) declared that should Lawrence fail to refinance and close on the Property by July 1, 2021, required the parties to list the house for sale by July 2, 2021 with an agreed realtor at an agreed upon price; (4) appointed Larry Rice as receiver effective July 2, 2021 to manage the Property's sale; (5) awarded Lawrence all net proceeds from the sale to the extent they exceeded $91,500; and (6) declared that if the net proceeds of the Property's sale were less than $91,500, awarded Linda 100% of the sale's net proceeds.

On July 6, 2021, Lawrence filed Respondent's Motion to Vacate and or Set Aside Previous Post Decree Orders, Grant an Evidentiary Hearing and or Reconsideration of Proceedings, arguing the 2021 MSA "never properly resolved all disputes, interpretations, or performances contained in the Decree," including Linda's obligations to pay her portion of the payments, taxes, and insurance. Lawrence complained that Linda refused to accept the final payment of her portion of the net proceeds and transfer and close on the Property, and he requested an evidentiary hearing to determine the equitable property rights under the Decree so he could pay Linda the agreed current value of her fifty percent share subject to their

8

agreement to share in payment of expenses for the mortgage, insurance, and taxes. Lawrence argued that Linda's claims of continued liability for the Wells Fargo Mortgage was a material misrepresentation of fact since after closing, her mortgage obligations would terminate. Lawrence attached an email from Linda's attorney, stating Linda was not agreeable to his offer or payment and transfer of the Property because she would "still be liable on the Wells Fargo mortgage," and Linda wanted to sell the Property as required by the 2021 Enforcement Order, which ordered the Property to be listed for sale before 5:00 pm that day.

The Receiver, Larry Rice, filed Receiver's Motion for Enforcement and For Clarification, stating Lawrence had not bought the Property by refinancing and was unwilling to sell the Property. Rice explained he could not fulfill his duties because Lawrence refused to sign the listing agreement with the realtor, who could not access or show the Property because Lawrence still occupied it. Rice requested that the trial court clarify his authority by ordering Lawrence to vacate the Property. Lawrence filed Respondent's Objection and Response to Receiver's Motion for Enforcement and for Clarification, arguing the trial court's 2021 Enforcement Order could not be enforced without violating the Decree and that the Receiver needed clarification on Lawrence's homestead and equity interests. Lawrence argued the Decree required Linda to reimburse him for half the taxes, mortgage, and insurance he paid, and he explained he was never afforded any reasonable opportunity to provide the closing

9

despite obtaining an alternate payment remedy which mooted the necessity to sale and only required Linda to relinquish her interests in the Property. Lawrence also filed a Motion to Enforce the Provisions of the Decree, specifically Linda's agreement to pay half of the marital residence's expenses, and he asked the trial court to grant him credit for Linda's half of the expenses. Lawrence filed a Motion to Terminate the Receiver and Vacate Orders Due to Inherent Conflict and Stay These Proceedings Pending Resolution of Motion to Enforce Decree, arguing the receiver lacked neutrality and should be discharged because the trial court's orders regarding the receiver were mooted by his ability to pay Linda.

During the December 14, 2021 hearing, the parties testified that with the Receiver's assistance, they reached an agreement concerning the Property. Linda testified that she and Lawrence agreed he would pay her $91,500 by February 15, 2022, or vacate the house in fourteen days and allow Rice to sell it. Linda testified that if Lawrence paid her, she would sign the deed to him, and he could then sign a deed of trust and assume the mortgage, which would allow her to make mortgage payments and seek reimbursement should Lawrence fail to meet his obligations under the mortgage. Linda explained that if Lawrence failed to timely reimburse her, she could then by exercising her rights to foreclose on the Property. Linda also explained that were Lawrence to timely pay her and sign the deed of trust, he would be required to refinance the house in his name by October 1, 2022, and remove her

from any obligation on the Property, or the trial court would order the house sold and allow him to keep all proceeds from the sale. Lawrence testified that he agreed to those terms.

The trial court discussed whether the agreement should be a clarification or enforcement order, and when Linda asked whether the agreement could be modified later, the trial court informed the parties she was unsure that

> any of this could have been modified from your final decree but it has been. So this is a clarification. So what it is doing is it's just – it's clarifying the controlling order. It's clarifying it but it sounds like you're changing it a little bit and – but y'all keep changing it. So I don't know. The legal procedure on this is murky at best.

The trial court's Agreed Order of Enforcement and Clarification of Receiver's Obligations incorporated the terms of the parties' agreement reached in open court and read into the record, but neither Lawrence nor the trial judge signed the Order.

In May 2022, the trial court issued a Notice of Intent to Dismiss because the case had been on file more than ninety days without service of citation being perfected on any respondent and due to the case not being disposed of within the time standards set by the Texas Supreme Court. Lawrence filed Respondent's Objection to the Court's Notice of Intent to Dismiss and Verified Motion to Retain this Matter and Request for Hearing Date and or Order Returning Matter to Mediation. He explained that while acting pro se, he hand-delivered copies of his filings on the date of filing, personally appeared and filed the current Motion,

11

attempted to comply with all court directives about filing and serving motions, and believed his hand-delivery was sufficient for service upon Linda's counsel, who did not object. Lawrence stated he believed in good faith that the matter would be set once a response was filed or when the clerk was notified of an available court date. Linda filed a Motion to Retain Case on Docket, Motion to Enter Agreed Order of Enforcement and Clarification of Receiver's Obligation, and Notice of Hearing On Petitioner's Motion. The trial court set the case for trial and set the Motion to Remove Receiver for a hearing.

In June 2022, and prior to the hearing, Lawrence filed Respondent's Objection to Petitioner's Motions and Notice of Hearing and to Deem Respondent's Previous Motions Confessed and Enter of Enforcement Order for Petitioner's Obligations to Pay Expenses and Vacate Any Order Appointing a Receiver. Lawrence alleged among other things, that Linda refused to pay her half of the expenses for the Property as she promised in the Decree. Lawrence filed an Order of Enforcement of Petitioner's Obligations to Pay Expenses and Calculation of Respondent's Obligations to Pay Balance of Equity and Vacation of Order Appointing Receiver, and he attached a Resolution of Expenses and Payments, claiming an offset based on Linda's responsibility under the Decree to pay fifty percent of the expenses he incurred on the Property to "preserve, maintain, and retain" their right of ownership to the Property between October 2018 and July 2021. Lawrence claimed the

12

reimbursement amount totaled $26,984.53, an amount that included principal and interest payments, property taxes, insurance, and origination refinance fee. Lawrence also filed a Motion for Continuance.

In July 2022, Linda filed Objections to Lawrence's Motion to Vacate and Set Aside Previous Post Decree Orders, which he filed on July 6, 2021, and she argued the trial court lacked plenary power to act on his Motion, which was denied by operation of law, because the trial judge signed the 2021 Enforcement Order on June 22, 2021. Lawrence filed Objections to Petitioner's Motions, which included a transcript showing the trial court vacated the arbitration award because it did not order the parties to arbitration.

In August 2022, the trial court conducted a hearing on the Motion for Enforcement and Clarification of Larry Rice as appointed Receiver and on Linda's and Lawrence's reply briefs and motions. The trial court noted a final order of enforcement of the Decree was signed and entered in June 2019, and that in July 2021, Lawrence filed a Motion to Vacate Post Decree Orders, but the Motion to Vacate was never heard or ruled on. According to the trial court, it no longer had plenary power over Lawrence's motion seeking the reimbursement amount from Linda based on the 50 percent share of the expenses that she was to pay under the Decree to maintain the Property, so the court did not have jurisdiction to rule on Lawrence's July 2021 Motion in which Lawrence had asked the trial court to pay

13

her 50 percent share toward the Property's mortgage, taxes, and insurance. The trial court denied Lawrence's Motion to Vacate and/or Set Aside Previous Post Decree Orders.

Also, in August 2022, the trial court denied Lawrence's February 2022 Motion to Enforce the Provisions of the Decree, where he asked the trial court to enforce the Decree's 50-percent-contribution provision against Linda for the expenses he incurred in maintaining the Property. During the hearing, the trial court stated that because the June 2021 Enforcement Order "specifically addresse[d]" and "governed" the sale of the Property, the trial court did not "have plenary power" to address whether Linda had failed to comply with the obligations imposed on her by that Order. Based on that, the trial court denied Lawrence's Motion to Enforce the Provisions of the Decree.

Next, during the August 2022 hearing, the trial court considered Lawrence's Motion to Terminate the Receiver and Vacate Orders Due to Inherent Conflict and Stay These Proceedings Pending Resolution of Motion to Enforce Decree. Lawrence argued that Linda and her attorney violated the 2021 MSA and that Linda rejected his tender of payment. Linda's counsel argued that Lawrence failed to meet terms of the 2021 MSA as stated in the 2021 Enforcement Order because he failed to refinance the Property, and the tendering of funds was not the complete requirement to avoid the appointment of a receiver. Lawrence argued that he had paperwork to

14

transfer the Property, but Linda refused to sign the origination loan and title. The trial court denied Lawrence's Motion to Terminate the Receiver and Vacate Orders.

As for the Motion for Enforcement and Clarification of Larry Rice as appointed Receiver, during the August 2022 hearing, Rice explained that due to the filings and contention, he needed the trial court's intervention to sell the Property. Rice requested an order requiring Lawrence to vacate the Property so the realtor could show it. Lawrence claimed Linda rejected his tendered payment under the 2021 MSA and that the trial court would be enforcing a punitive order. The trial court granted Rice's Motion, and in its Order of Enforcement to Vacate Premises and Order of Clarification of Receiver's Obligations ("2022 Enforcement Order"), the trial court ordered Lawrence to vacate the Property on or before October 31, 2022, or upon appeal, within thirty days of receiving notice of this Court's opinion. The trial court ordered the Receiver to sell the Property and split the proceeds according to its prior orders. The trial court explained that if Lawrence appealed, its 2022 Enforcement Order would be abated until the appeal was resolved, and if the appeal was not resolved in Lawrence's favor, he would have thirty days to vacate.

Lawrence filed an Amended Motion to Reconsider and Motion to Objections to Petitioner's Orders, in which he complained the Petitioner's draft orders failed to note the trial court's expiration of plenary power related to the denial of his motions. On August 30, 2022, the trial court conducted a hearing on Lawrence's Amended

Motion to Reconsider, during which Lawrence requested the trial court conduct a hearing on the Decree to settle the dispute over the offset of expenses. The trial court denied Lawrence's Motion to Reconsider. Lawrence appealed the trial court's 2022 Enforcement Order.

## ANALYSIS

In issue one, Lawrence contends the trial court erred by signing the Order On Enforcement and Relief when the Order modified, altered, or changed the terms of the parties' mediated settlement agreement as they were incorporated into the Decree. Specifically, Lawrence complains that the Order on Enforcement eliminated Linda's obligation under the terms of the Decree requiring Linda to reimburse him for the expenses and costs that he incurred for maintaining the Property "from May 1, 2019." Lawrence argues that Texas Family Code section 9.007 provides that an enforcement order may not alter or change the substantive division of property, and the trial court's refusal to consider the Decree's provisions in the enforcement action that Linda filed materially altered the division of the marital property under the terms of the Decree. *See* Tex. Fam. Code Ann. § 9.007. According to Lawrence, the post-divorce 2021 MSA is not relevant to the provision that requires Linda to share in the expenses and costs incurred on the Property.

A mediated settlement agreement dissolving a marriage is binding when the agreement:

16

(1) provides, in a prominently displayed statement that is in boldfaced type or capital letter or underlined, that the agreement is subject to revocation;

(2) is signed by each party to the agreement, and

(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

*Id*. § 6.602(b). A property settlement agreement approved by a divorce court and incorporated into a final decree of divorce is treated as a contract and its legal force and meaning are governed by the law of contracts. *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986). When construing the parties' agreement, the court's primary concern is to ascertain the parties' true intent as expressed in the written instrument, and in doing so the court may consider evidence of circumstances surrounding the agreement's execution. *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex. 1983); *Karp v. Karp*, No. 14-01-00902-CV, 2002 WL 31487899, at *2 (Tex. App.—Houston [14th Dist.] Nov. 7, 2002, no pet.) (mem. op.).

A trial court that rendered a final decree of divorce retains power to enforce the decree's property division and to render a clarifying order setting forth specific terms to enforce compliance. *See* Tex. Fam. Code Ann. §§ 9.002, 9.006, 9.008; *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009); *Gomez v. Gomez*, 632 S.W.3d 4, 8 (Tex. App.—El Paso 2020, no pet.). We review a trial court's ruling on a post-divorce motion for enforcement of a divorce decree for abuse of discretion. *See Welch v. Welch*, No. 09-16-00249-CV, 2018 WL 1747351, at *3 (Tex. App.—

17

Beaumont Apr. 12, 2018, no pet.) (mem. op.); *Gomez*, 632 S.W.3d at 8. A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Welch*, 2018 WL 1747351, at *3 (citation omitted). When no findings of fact or conclusions of law are requested or filed, we presume the trial court made the findings necessary to support its judgment so long as the implied findings are supported by the record. *See Coleman v. Coleman*, No. 09-06-171CV, 2007 WL 1793756, at *1 (Tex. App.—Beaumont June 21, 2007, pet. denied) (mem. op.); *Gomez*, 632 S.W.3d at 8.

When enforcing a divorce decree, a trial court "may not amend, modify, alter, or change" the property division in the divorce decree. Tex. Fam. Code Ann. § 9.007(a). That said, parties may enter into an agreement after a divorce decree is entered, and a trial court may enforce that agreement "so long as it 'touches upon' the underlying suit." *Dailey v. McAfee*, No. 01-21-00106-CV, 2022 WL 3363195, at *3–4 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, no pet.) (citation omitted) (enforcing parties' post-divorce Rule 11 agreement and stating the attempt to enforce the judgment was a continuation of an aspect of the underlying suit). The parties' agreement satisfies the Rule 11 requirements if it is (1) in writing, (2) signed, and (3) filed with the papers as part of the record. Tex. R. Civ. P. 11; *Padilla v. LaFrance*, 907 S.W.2d 454, 459–60 (Tex. 1995) (explaining a trial court can enforce a

settlement agreement complying with Rule 11 even though one side no longer consents to the settlement); *Matter of Marriage of Raffaelli*, 975 S.W.2d 660, 661–62 (Tex. App.—Texarkana 1998, pet. denied) (enforcing settlement agreement as a Rule 11 agreement). We review a trial court's decision on enforcement of a post-divorce agreement that satisfies Rule 11 for abuse of discretion. *See Dailey*, 2022 WL 3363195, at *3. The trial court's jurisdiction to enforce such an agreement does not hinge on its jurisdiction to modify a divorce decree. *See id.* (citing *Karp*, 2002 WL 31487899, at *1 (concluding trial court had jurisdiction to enforce post-divorce Rule 11 Agreement regarding the sale of the parties' home)) (other citation omitted).

Once a trial court approves and adopts the parties' agreement into its enforcement order, the agreement becomes the judgment of the court and subject to enforcement. *See Karp*, 2002 WL 31487899, at *2; *Spradley v. Hutchinson*, 787 S.W.2d 214, 219 (Tex. App.—Fort Worth 1990, writ denied) (citations omitted). Such an agreed judgment has the same binding effect as a judgment resulting from a judge or jury trial and is only subject to collateral attack if the trial court lacked jurisdiction to render the judgment. *Spradley*, 787 S.W.2d at 219–20 (explaining contractual defenses are impermissible collateral attacks upon the prior agreed judgment but may be considered in determining measure of damages due to the party enforcing the agreement) (citation omitted); *see also Karp*, 2002 WL 31487899, at *1–2 (affirming enforcement order's award inclusion of the specific offset amount

included in the parties' written agreement to be deducted in determining the value of the property to be divided but reversing offset award not specifically included in the agreement and enforcing the agreement as written).

We hold the parties' 2021 MSA regarding the Property is a valid Rule 11 Agreement because it is in writing, signed by the parties and their attorneys, and filed in the court's record. Once adopted into the trial court's 2021 Enforcement Order, it became the judgment of the court subject to being enforced and to an appeal. *See* Tex. R. Civ. P. 11; *Dailey*, 2022 WL 3363195, at *4; *Karp*, 2002 WL 31487899, at *2; *Spradley*, 787 S.W.2d at 219; *see also* Tex. R. App. P. 26.1(a) (requiring notice of appeal to be filed within 30 days after the judgment is signed or within 90 days if a timely post-judgment motion is filed). Nothing in our appellate record shows that either of the parties appealed from the trial court's 2021 Enforcement Order, which incorporated the 2021 MSA and specified the terms of the Property's sale and appointed a receiver. Because no one appealed from the trial court's Enforcement Order, we cannot consider Lawrence's complaints to which they concern the trial court's Enforcement Order. *See* Tex. R. App. P. 26.1(a). Consequently, Lawrence's first issue complaining that the trial court's 2021 Enforcement Order modified, altered, or changed the terms of Mediated Settlement Agreement as it was incorporated into the Decree is overruled.

20

Even if Lawrence's complaints concern his July 6, 2021, Motion to Vacate and or Set Aside Previous Post Decree Orders, Grant an Evidentiary Hearing and or Reconsideration of Proceedings, in which he argued the 2021 MSA did not properly resolve all disputes, interpretations, or performances contained in the Decree, including Linda's obligations to pay expenses for her portion of the payments, taxes, and insurance, we note the record shows Lawrence filed the Motion with the court clerk and hand delivered it to Linda's attorney. However, the record shows he never set his Motion to Vacate and or Set Aside Previous Post Decree Orders, Grant an Evidentiary Hearing and or Reconsideration of Proceedings for hearing or obtained a ruling.

A pro se litigant is held to the same standards as a licensed attorney when representing himself, and he must comply with all applicable laws and rules of procedure in doing so. *See Zavala v. Franco*, 622 S.W.3d 612, 617–18 (Tex. App.—El Paso 2021, pet. denied); *see also Matter of Marriage of Martz*, No. 09-21-00048-CV, 2022 WL 2251731, at *9 (Tex. App.—Beaumont June 23, 2022, pet. denied) (mem. op.) (noting pro se divorce litigant held to same standards as licensed attorneys). To preserve a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion and that the trial court refused to rule on the request, objection, or motion over the complaining party's objection. Tex. R. App. P. 33.1(a). "Merely filing a motion with

21

the trial clerk is insufficient to show that the party brought the motion to the trial court's attention or requested a ruling." *Pedroza v. Tenet Healthcare Corp.*, 555 S.W.3d 608, 612 (Tex. App.—El Paso 2018, no pet.) (citing *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding)). Since there is nothing in the record showing Lawrence ever presented his Motion to Vacate and or Set Aside Previous Post Decree Orders, Grant an Evidentiary Hearing and or Reconsideration of Proceedings to the trial court or requested a ruling, he has preserved no error concerning this Motion for our review. *Pedroza*, 555 S.W.3d at 612.

As for Lawrence's complaint that Linda is liable for half the costs and expenses to maintain the Property until April 2021, the record shows Lawrence filed a Motion to Enforce the Provisions of the Decree, specifically Linda's agreement to pay half of the expenses of the marital residence, and he asked the trial court to grant him credit for Linda's half of the expenses. The trial court denied Lawrence's Motion to Enforce the Provisions of the Decree concerning the expenses he paid on the Property on the grounds that it did not have plenary power to address his issue because the June 2021 Enforcement Order governs the provisions for the Property's sale and the distribution of the proceeds. However, we disagree the trial court lacked jurisdiction to consider Lawrence's reimbursement claim.

The June 2021 Enforcement Order incorporated the parties' 2021 MSA, and the MSA provided for the terms and way the Property would be sold, for the distribution of the proceeds following the sale, and for the appointment of the receiver. While the trial court correctly found that it did not have plenary power over its 2021 Enforcement Order, which no party appealed, that Order addressed only Linda's Petition for Enforcement, in which she requested a clarifying order to determine the terms and manner of the sale. But those issues had been decided by agreement in the 2021 MSA. Neither the 2021 MSA nor the 2021 Enforcement Order address Lawrence's Motion to Enforce the Provisions of the Decree, in which Lawrence asked the trial court to enforce Linda's obligation to pay "half of all costs or expenses relating to [the Property] from May 1, 2019."

The court that renders a divorce decree retains jurisdiction to enforce the property division within that decree. *See* Tex. Fam. Code Ann. §§ 9.001, 9.002, 9.006; *Hagen*, 282 S.W.3d at 902; *Gomez*, 632 S.W.3d at 8. Lawrence filed his Motion to Enforce the Provisions of the Decree, specifically Linda's agreement to pay her half of the Property's expenses, in the same court that rendered the Decree, which ordered not only that the Property would be sold but that Lawrence may recover fair and reasonable expenses for maintaining the Property until the date of sale and that Linda is responsible for one-half of those expenses. The Decree ordered the Property to be "sold . . . for the best agreed price and parties will split the net

23

proceeds after all expenses and or off-setting values have been deducted[,]" and that the parties "shall be entitled to one-half (50%) of net value after the deduction of all reasonable and or necessary expenses" Lawrence incurred maintaining the Property. The Decree states the parties "entered into a written agreement as contained in this decree by virtue of having approved this decree[,]" and that "[t]o the extent permitted by law, the parties stipulate the agreement is enforceable as a contract."

We hold the trial court abused its discretion by denying Lawrence's Motion to Enforce the Provisions of the Decree based on its lack of plenary power when the 2021 MSA and 2021 Enforcement Order did not include any agreement regarding Lawrence's right to an offset and when it had jurisdiction to enforce the Decree. *See* Tex. Fam. Code Ann. §§ 9.001, 9.002, 9.006; *Hagen*, 282 S.W.3d at 902; *Gomez*, 632 S.W.3d at 8. By considering and denying Lawrence's "motions" in its 2022 Enforcement Order, the trial court refused to enforce his contractual rights under the Decree, which states it "is stipulated to represent a mediated settlement agreement." *See* Tex. Fam. Code Ann. § 6.602(b); *Allen*, 717 S.W.2d at 313.

We sustain Lawrence's issue one complaint on the trial court's failure to consider his Motion or Enforce the Provisions of the Decree addressing his offset claim, reverse the portion of the trial court's 2022 Enforcement Order denying

24

Lawrence's "motions," and remand for further proceedings to consider his offset claim.

In issue two, Lawrence complains the trial court erred by appointing the receiver in violation of section 64.001 of the Texas Civil Practice and Remedies Code, because the appointment failed to provide for an equitable resolution of the agreed property division in the Decree or meet the conditions of a forced sale. *See* Tex. Civ. Prac. & Rem. Code Ann. § 64.001. Lawrence argues the trial court should vacate the receiver's appointment because the facts of the case did not warrant the appointment to sell the Property, which need not be preserved or protected. Lawrence contends that equity requires an alternative method for resolution. *See id.* § 64.004.

A person may appeal from an interlocutory order of a district court that appoints a receiver or overrules a motion to vacate an order that appoints a receiver. *Id.* § 51.014(a)(1), (2); *Guardianship of Clarkson*, No. 09-23-00029-CV, 2023 WL 6156075, at *1 (Tex. App.—Beaumont Sept. 21, 2023, no pet.) (mem. op.). A notice of appeal must be signed within 20 days of the date on which the trial court signs the interlocutory order. *See* Tex. R. App. P. 26.1(b). When allowed by statute, appeals from interlocutory orders are accelerated, and "[f]iling a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal." *Id. at* 28.1(b).

25

Here, the trial court's June 2021 Enforcement Order appointing Rice as a receiver effective July 2, 2021, was expressly appealable under section 51.014(a)(1). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1). Lawrence failed to prefect an accelerated appeal from the trial court's June 2021 Enforcement Order by filing a notice of appeal within the time permitted by the rule. *See* Tex. R. App. P. 26.1(b); 26.3; *Guardianship of Clarkson*, 2023 WL 6156075, at *1. The trial court's August 22, 2022 Order Denying Respondent's Motion to Terminate the Receiver and Vacate Orders Due to Inherent Conflict and Stay These Proceedings Pending Resolution of Motion to Enforce Decree was also expressly appealable under section 51.014(a)(2). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(2). Lawrence failed to perfect an accelerated appeal from the trial court's August 2022 Order Denying Respondent's Motion to Terminate the Receiver and Vacate Orders Due to Inherent Conflict and Stay These Proceedings Pending Resolution of Motion to Enforce Decree by filing a notice of appeal within the time permitted by the rule. *See* Tex. R. App. P. 26.1(b); 26.3; *Guardianship of Clarkson*, 2023 WL 6156075, at *1.

Since Lawrence failed to perfect a timely accelerated appeal from the trial court's June 2021 Enforcement Order appointing a receiver and the trial court's August 2022 Order Denying Respondent's Motion to Terminate the Receiver and Vacate Orders Due to Inherent and Stay These Proceedings Pending Resolution of Motion to Enforce Decree, we lack jurisdiction to consider his issue two complaints.

26

*See Guardianship of Clarkson*, 2023 WL 6156075, at *1–2 (dismissing for lack of jurisdiction); *Sclafani v. Sclafani*, 870 S.W.2d 608, 612–13 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (dismissing appeal for want of jurisdiction for failing to timely appeal denial of motion to vacate receivership).

In issue three, Lawrence argues the trial court erred by disregarding the substance of his pro se motions rather than the motions' headings to ensure an equitable and just property division under section 7.001 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 7.001. Lawrence complains the trial court failed to conduct an evidentiary hearing on his motions and that the issue of plenary powers does not apply to the Decree. Lawrence also repeats his issue one complaint that the trial court erred by entering an enforcement order that modified, altered, or changed the original settlement agreement incorporated into the Decree, which we have already addressed.

First, we note that section 7.001 does not apply here because it concerns the general rule of property division in a divorce or annulment, and this involves the appeal of a post-divorce enforcement order. *See id.* Second, we have already determined in issue one that the trial court abused its discretion by denying Lawrence's Motion to Enforce the Provisions of the Decree based on its lack of plenary power and remanded for the trial court to consider Lawrence's offset claim in that Motion. Third, the record shows the trial court considered Lawrence's Motion

27

to Enforce the Provisions of the Decree, Motion to Terminate the Receiver and Vacate Orders Due to Inherent Conflict and Stay These Proceedings Pending Resolution of Motion to Enforce Decree, and Motion to Vacate and/or Set Aside Previous Post Decree Orders, Grant an Evidentiary Hearing and/or Reconsideration of Proceedings. To the extent Lawrence is complaining about the trial court's failure to conduct evidentiary hearings on other motions he filed, he has identified no specific motions or include record cites to any motions he filed to support his complaint. Thus, we conclude his complaint is improperly briefed. *See* Tex. R. App. P. 38.1(h) (providing that appellant's brief must contain appropriate citations to the record). We overrule issue three.

In issue four, Lawrence argues the trial court erred by including the wrong street address of the Property in the 2022 Enforcement Order and by failing to include the Property's complete legal description. Lawrence also argues the trial court erred by not issuing specific findings of fact and conclusions of law about the division of the marital estate as required by the Texas Family Code. *See* Tex. Fam. Code Ann. §§ 6.711, 153.258, 154.130. Lawrence complains the trial court disregarded his reimbursement claim and erred by not allowing him to assume mortgage liabilities without having to incur the expenses of refinancing. *See id.* § 3.402.

In his brief, Lawrence merely states the 2022 Enforcement Order includes the wrong street address, 12 W. Elm Crescent instead of 122 W. Elm Crescent, and he argues the Order is defective and unenforceable because there is no proper legal description as required by law. Lawrence included no citations to authority supporting his argument that the 2022 Enforcement Order is defective and unenforceable, nor did he ask this Court to correct the clerical error. *See* Tex. R. Civ. P. 329b(f); *Perez v. Perez*, 658 S.W.3d 864, 872 (Tex. App.—El Paso 2022, no pet.) (Allowing trial court to enter a judgment nunc pro tunc to correct a clerical error). Thus, we conclude his complaint is improperly briefed. *See* Tex. R. App. P. 38.1(h) (providing that appellant's brief must contain appropriate citations to authorities).

We also conclude that Lawrence's complaint that the trial court erred by not allowing him to assume mortgage liabilities without having to incur the expenses of refinancing is improperly briefed. *See id.* As stated earlier, Lawrence agreed to the 2021 MSA, which stated Lawrence "shall refinance" the Property, and the 2021 MSA was incorporated into the 2021 Enforcement Order, which Lawrence failed to appeal, and which became a final judgment subject to enforcement. *See* Tex. R. Civ. P. 11; *Dailey*, 2022 WL 3363195, at *4; *Karp*, 2022 WL 31487899, at *2; *Spradley*, 787 S.W.2d at 219; *see also* Tex. R. App. P. 26.1.

As for Lawrence's complaint the trial court erred by not issuing specific findings of fact and conclusions of law about the division of the marital estate as

required by the Texas Family Code, we note that Lawrence's citations to the Texas Family Code apply to: (1) a party's request for findings of fact and conclusions of law in a suit for dissolution of marriage in which the trial court rendered a judgment dividing the parties' estate; (2) a party's request for findings of fact in all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order; (3) a trial court's findings in a child support order. *See* Tex. Fam. Code Ann. §§ 6.711, 153.258, 154.130. We hold that none of Lawrence's citations to the Family Code apply here. The record also shows Lawrence did not request findings of fact and conclusions of law. In an enforcement action such as this when no findings of fact or conclusions of law are requested or filed, we imply all findings supported by the record that support the trial court's judgment. *See Coleman*, 2007 WL 1793756, at *1; *Gomez*, 632 S.W.3d at 8.

Finally, we note that Lawrence raises his complaint that the trial court disregarded his reimbursement claim in both issues four and five, and we have chosen to address his complaint in issue five. We overrule issue four.

In issue five, Lawrence complains the trial court erred by disregarding the cumulative nature of remedies provided under Texas Family Code section 3.309, which provides remedies to spouses, and under section 3.402, which concerns reimbursement claims. *See* Tex. Fam. Code Ann. §§ 3.309 (stating the remedies provided in this subchapter are cumulative of other rights, powers, and remedies

afforded spouses by law), 3.402. Lawrence contends the trial court should have imposed an equitable lien on the Property to secure his reimbursement claim for paying the utilities, taxes, insurance, and mortgage expenses. *See id.* § 3.406 (providing for an equitable lien upon dissolution of a marriage).

Chapter 3 of the Texas Family Code, entitled Marital Property Rights and Liabilities, includes Subchapter D, addresses the Management, Control, and Disposition of Marital Property Under Unusual Circumstances. *See id.* §§ 3.001–.309. Subchapter D includes section 3.309, which states that remedies provided in subchapter D are cumulative of other rights, powers, and remedies afforded spouses by law. *See id.* § 3.309. Chapter 3 also includes Subchapter E, which addresses claims for reimbursement in a divorce action. *See id.* §§ 3.401–.411; *Vallone v. Vallone*, 644 S.W.2d 455, 458–59 (Tex. 1982) (stating right of reimbursement is an equitable right which arises upon dissolution of the marriage through divorce). Section 3.402 addresses the burden of proof for a spouse seeking reimbursement to a marital estate and for a party seeking an offset to a reimbursement claim. *See* Tex. Fam. Code Ann. § 3.402(b), (h). Section 3.406 provides that on dissolution of a marriage, the trial court may impose an equitable lien on the property of a benefited estate to secure a reimbursement claim. *Id.* § 3.406(a); *see Heggen v. Pemelton*, 836 S.W.2d 145, 146 (Tex. 1992) (explaining trial courts may impose equitable liens on a spouse's separate real property when dividing marital property on divorce).

31

The parties were divorced in 2019, and this appeal concerns not the divorce action but a post-divorce enforcement action under Chapter 9 of the Texas Family Code, which allows a party affected by a divorce decree providing for the division of property to request enforcement of that decree by filing a suit to enforce. *See* Tex. Fam. Code Ann. § 9.001(a); *see also id.* § 7.006 (Agreement Incident to Divorce or Annulment). Since Lawrence's complaints really address the trial court's failure to exercise jurisdiction over his request to enforce Linda's obligations under the Decree, we need not consider his other complaints involving the trial court's 2022 Enforcement Order since he never filed a notice of appeal concerning same. *See Heggen*, 836 S.W.2d at 146; *Vallone*, 644 S.W.2d at 458–59; *see also* Tex. Fam. Code Ann. §§ 3.309, 3.402, 3.409.

## CONCLUSION

As discussed above, we have addressed Lawrence's complaints in issues one through five concerning the trial court's 2022 Enforcement Order, the only appealable order here. Accordingly, we affirm the portions of the 2022 Enforcement Order ordering Lawrence to vacate the Property and remove all personal belongings therein and ordering the Receiver to sell the Property and split the proceeds according to its prior orders. Having sustained Lawrence's issue one complaint on the trial court's failure to consider his Motion to Enforce the Provisions of the Decree and consider his offset claim, we reverse the portion of the trial court's 2022

32

Enforcement Order denying Lawrence's Motion to Enforce the Provisions of the Decree, and remand for further proceedings to consider his offset claim.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

W. SCOTT GOLEMON
Chief Justice

Submitted on September 8, 2023
Opinion Delivered May 2, 2024

Before Golemon, C.J., Horton and Wright, JJ.